UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SCOTTSDALE INSURANCE CO** | **CASE NO. 2:25-CV-00256** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ROBERT S MOTT ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (Doc. 12) filed by Defendants Robert S. Mott and Kristi Trahan. Defendants move to dismiss this Declaratory Judgment Action because there is currently a state court action pending in the 14th Judicial District Court.

### BACKGROUND

Plaintiff, Scottsdale Insurance Company ("Scottsdale") filed this Declaratory Action against Defendants, Robert S. Mott, Kristi Trahan and Garrison Industrial Services, Inc. ("Garrison 1") for the purpose of determining the parties' respective rights and obligations under a policy of insurance issued by Scottsdale to Garrison 1 during the relevant time period. Specifically, Scottsdale seeks a judgment declaring that it has no duty to defend or indemnify Garrison 1 under either the primary policy or the excess policy with respect to a lawsuit filed by Robert Mott and Kristi Trahan in the 14th Judicial District Court.[1]

---

[1] *Robert S. Mott and Kristi Trahan v. Garrison Industrial Services, Inc. and Alfred Palma LLC*, Civ. Action No. 2024-000577 (the "underlying lawsuit")The suit was originally filed against Garrison 1, but was later amended to include Garrison 2. Scottsdale filed this Declaratory action and Plaintiffs have sought to amend the state court lawsuit and add Scottsdale as a defendant. Plaintiff's exhibit 2.

The underlying lawsuit involves the death of Alex Mott on November 16, 2023, as he was installing can lights in the ceiling of a building being constructed on behalf of Waste Management in Lake Charles, Louisiana.[2] Robert S. Mott and Kristi Trahan are the parents of Mr. Mott, who was twenty years old when he was killed while working as an electrical apprentice with Garrison Industries, Inc.

Garrison 1 was contracted by Alfred Palma, LLC ("Palma") to perform electrical services on the project and Mr. Mott, an employee of Garrison Industries, Inc.,("Garrison 2")[3] was performing the work pursuant to the contract between Garrison 1 and Palma.[4] Scottsdale denied coverage for Garrison 1 based upon the worker's compensation exclusion in the policy,[5] but agreed to defend Garrison 1 in the underlying lawsuit. Scottsdale alleges that Garrison 2 operates as a staffing company separate from Garrison 1, but with a common ownership through Mr. Brian Davis.[6] Scottsdale also alleges that Garrison 1 would "borrow" employees from Garrison 2 to work on jobs.[7] Garrison 1 and Garrison 2, both carry their own workers' compensation insurance coverage.

---

[2] Complaint, ¶ 8, Doc. 1.
[3] In the state court lawsuit, Plaintiffs originally pled that Mr. Mott was employed by Garrison Industrial Services, Inc, but later filed an Amended Petition alleging that Mr. Mott was employed by Garrison Industries, Inc., not Garrison Industrial Services, Inc. In the state court suit, the parties dispute whether Mr. Mott was Garrison 1's employee (implicating the exclusive remedy of workers' compensation) and whether Garrison 1 or its agents committed an intentional tort. Doc. 1-3.
[4] *Id.* ¶ 9-11.
[5] Plaintiff's exhibit 5, Doc. 1.
[6] Complaint, ¶ 14, Doc. 1.
[7] *Id.* ¶ 15.

Garrison 2 is not included as a Named Insured in the Named Insured Schedule Endorsement, nor is it identified as a Named Insured in the Declarations of the Garrison 1 policy.[8] Garrison 2's compensation carrier paid out death benefits for Mr. Mott's death.

In the underlying lawsuit in state court, Garrison 2 has taken the position that Plaintiff's tort damages against their son's employer (Garrison 2) are precluded because of the Louisiana Workers' Compensation Act's ("LWCA") exclusive remedy; Garrison 1 has taken the position that Mr. Mott was a "borrowed servant" and therefore any claims by Plaintiffs against Garrison 1 are likewise precluded under the LWCA. Additionally, Scottsdale posits that Plaintiffs' claims do not meet the requirements for coverage under the Excess Policy based on the terms and exclusions outlined in both the Excess Policy and the Primary Policy.

Plaintiffs in the underlying lawsuit take the position that Mr. Mott did not qualify as an "employee", and as a matter of law should be considered a subcontractor to Scottsdale's Named Insured.

## **LAW AND ANALYSIS**

In its Motion, Defendants are asking the Court to abstain and dismiss this lawsuit and allow the state court to decide the issues raised by Scottsdale because the state court suit and this lawsuit are parallel proceedings in which all coverage issues can be adjudicated in the state court lawsuit.

---

[8] Plaintiff's exhibit 1.

The Declaratory Judgment Act, 28 U.S.C. § 2201, confers no jurisdiction but is a procedural device designed to provide a new remedy to the federal court arsenal. *Aetna Life Ins. Co. of Hartford, Conn. V. Haworth*, 300 U.S. 227, 239-40, 57 S.Ct. 461, 463-464 (1937). The district court, however, is not required to provide declaratory judgment relief, and it is a matter for the district court's sound discretion whether to decide a declaratory judgment action. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173 (1942); *Hollis v. Itawamba county Loans*, 657 F.2d 746, 750 (5th Cir. 1981).

The "district courts may not decline on the basis of whim or personal disinclination." *Hollis*, 657 F.2d at 750, but may take into account a wide variety of factors. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983).

In determining whether to abstain, the Court must review the case pursuant to the *Trejo* factors, which non-exclusively include:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,
> 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,
> 3) whether the plaintiff engaged in forum shopping in bringing the suit,
> 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,
> 5) whether the federal court is a convenient forum for the parties and witnesses, ...
> 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy," and ...
> [7) ] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending."

*Ironshore Specialty Ins. Co. v. Tractor Supply Co.,* 624 F. App'x 159, 164 (5th Cir. 2015), citing *St. Paul Insurance Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994).

*Whether there is a pending state action in which all of the matters in controversy may be fully litigated*

"[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d (5th Cir. Aug. 13, 2003). Here, Defendants assert that the main issue in both the state and federal proceedings is the employment status of Mr. Mott with regard to Garrison 1, and whether are not Garrison 1 committed an intentional tort. Defendant informs the Court that there will be extensive discovery about the employment relationship between Mr. Mott, Garrison 1 and Garrison 2, and as such, the same witnesses will testify, further expert opinions will be required as to the alleged intentional acts, all of which are issues that are parallel between the state and federal lawsuits.

Plaintiff informs the Court that it (Scottsdale) had not been named as a defendant in the state court suit until Defendants were served with this declaratory complaint. Defendants then filed an amended complaint to name Scottsdale, yet Scottsdale has not appeared yet in that lawsuit. Defendants remark that they could not name Scottsdale as a Defendant until it denied coverage. Plaintiff then argues that the existence of a parallel state proceeding must be assessed as of the time the federal case is filed. *Sherwin-Williams*, 343 F.3d at 394, and this later amendment does not create a basis for abstention. See

Page **5** of **8**

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n*, 996 F.2d 774, 778 (5th Cir. 1993) ("The existence of a related state proceeding is but one factor to consider.").

      Defendants assert that all of the claims can be resolved in the state court suit, including Plaintiff's defense to deny coverage based on alleged misstatements or suppressions of information, further noting that these issues are properly suited to be determined at the state court level; they arise out of Louisiana state law and the same witnesses will testify as to those issues.

      It appears that comity and efficiency favors abstention in this matter because there would be duplicate extensive discovery as to the factual allegations in both lawsuits.

*Whether the Plaintiff filed suit in anticipation of a lawsuit filed by the Defendant, was forum shopping, or creating inequities directed to Defendants*

      Defendants contend that Plaintiff filed this suit without providing notice to them that coverage was being denied. Defendants also note that Plaintiff could have intervened in the state court lawsuit, an available and already prepared forum, and informed counsel of their coverage decision. Plaintiff contests this and informs the Court that Scottsdale updated its coverage position and issued a reservation or rights to the insured on May 22, 2024; this declaratory action was filed February 28, 2025. Plaintiff notes that Federal courts have long recognized that insurers are entitled to file declaratory judgment actions to resolve ripe coverage disputes. See *Travelers,* 996 at 778.

      Defendants also claim that Plaintiff's declaratory action was forum shopping, whereas Plaintiff remarks that it only sought to resolve the dispute efficiently and in a proper forum. Plaintiff also suggests that there is no prejudice to Defendants.

The Court finds that Plaintiff may not have filed this action in anticipation of a lawsuit filed by the Defendant, but it was an obvious maneuver to strategically defend its position. As to prejudice, it appears that due to the parallel suits being filed, Defendant in this lawsuit will have to defend this lawsuit, prosecute the state court lawsuit, and engage in extensive factual discover in both lawsuits. This Court understands that seeking declaratory relief in this Court permits a party facing uncertain legal obligations to resolve those obligations before being compelled into coercive litigation. However, one can hardly understand how this would be judicially and economically efficient, and it ultimately appears to be procedural unfairness. Considering all, the Court finds that under the circumstances, this factor weighs in favor of abstention.

*Whether the federal court is a convenient forum for the parties and witnesses*

The Court finds this factor to be completely neutral, as the federal and state courthouses are within walking distance of each other.

*Whether retaining a federal forum would serve the purposes of judicial economy*

Defendants contend that there would be duplicative litigation if this Court retains jurisdiction, given the overlapping factual issues, whereas Plaintiff suggests that this case raises distinct questions of insurance policy interpretation, including whether the insured made material misrepresentations and whether various exclusions apply to Defendant's coverage claims in state court. Defendants suggests that the federal and state courts can avoid any risk of inconsistent ruling through timing or issue preclusion, and declining jurisdiction would only postpone resolution of the matter.

As noted previously, the state court can easily resolve the issue of policy interpretations. But also, Defendants in this case, chose the state court forum to resolve the underlying lawsuit and should have every right to do so. Additionally, should the state court find that Mr. Mott was not a borrowed employee, the insurance policy interpretations become a moot point, and the state court will then only be deciding Plaintiff's tort action. This factor also weighs in favor of abstention.

## **CONCLUSION**

After considering all of the *Trejo* factors, and for the reasons explained herein, the Court finds that abstention is warranted here. Accordingly, the Motion to Dismiss (Doc. 12) filed by Defendants Robert S. Mott and Kristi Trahan will be granted dismissing this case without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 20th day of May, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**